ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Melville Energy Systems, Inc. ) | ASBCA No. 62045 |
| ) | |
| Under Contract No. DACA61-87-C-0015 ) | |

APPEARANCE FOR THE APPELLANT:     John H. Melville
                                  Vice President

APPEARANCES FOR THE GOVERNMENT:   Michael P. Goodman, Esq.
                                    Engineer Chief Trial Attorney
                                  John A. Skarbek, Esq.
                                    Engineer Trial Attorney
                                    U.S. Army Engineer District,
                                    Philadelphia

OPINION BY ADMINISTRATIVE JUDGE WILSON

This is an appeal from a termination for default, denial of unpaid contract balance and contract price adjustments, as well as government-assessed reprocurement costs and damages, by Melville Energy Systems, Inc. (MES or appellant). The Board dismisses this appeal as barred by the election doctrine, as appellant has already pursued its action before the U.S. Court of Federal Claims (COFC).

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On August 14, 1987, the U.S. Army Corps of Engineers (the government) awarded Contract No. DACA61-87-C-0015 to MES for the replacement of boilers in five mechanical rooms on McGuire Air Force Base in Wrightstown, New Jersey. *Melville Energy Systems, Inc. v. United States*, 33 Fed. Cl. 616, 617 (1995).

2. On January 25, 1989, MES submitted a claim to the contracting officer (CO) seeking $312,464.27 as payment for an alleged unpaid balance on the contract plus contract price adjustments. By letter dated October 17, 1989, the CO terminated the contract for default due to a failure to complete the remaining work, and assessed reprocurement costs and damages against MES on December 1, 1989. (*Id.* at 618, 620)

3. On April 4-7, 1995, appellant tried the validity of the default termination, unpaid contract balance, and price adjustments; the government tried its reprocurement costs and damages before the COFC. On June 30, 1995, the COFC ruled on the merits, disallowing recovery by either party (*id.* at 617, 627).

4. Appellant filed the instant appeal with the Board by email dated April 19, 2019, requesting the termination for default be converted to a termination for convenience, recovery of an alleged unpaid contract balance, and contract price adjustments. On May 23, 2019, the Board *sua sponte*, ordered appellant to show cause why the appeal should not be dismissed in light of the election doctrine, and to explain the basis of the Board's jurisdiction. Appellant replied as follows:

## APPELLANT'S RESPONSE TO ORDER TO SHOW CAUSE
## RULES OF THE ARMED SERVICES BOARD OF CONTRACT APPEALS

## JURISDICTION FOR CONSIDERING APPEALS

*The Armed Services Board of Contract Appeals (referred to herein as the Board) has jurisdiction to decide any appeal from a final decision of a contracting officer, pursuant to the Contract Disputes Act, 41 U.S.C. 7101-7109, or its Charter, 48 CFR Chap. 2, App. A, Pt. 1, relative to a contract made by the Department of Defense, the National Aeronautics and Space Administration or any other department or agency, as permitted by law.*

## FRAUD ON THE COURT DISMISSES ELECTION DOCTRINE

## FRAUD ON THE US ARMY CORPS OF ENGINEERS

that specific time period alleged only

## TERMINATES A TERMINATION FOR DEFAULT

## INDIVIDUAL Q EMBEZZLED BILLIONS

## JURISDICTION

If you fine intelligent folks all collaborate and decide to kick this can up the road stop and think hasn't 30 years been long enough and nipp [sic] this in the budd [sic] right here and right now

2

<u>TERMINATE THE T4D RHRN</u>

(Emphasis in original)

<u>DECISION</u>

Under the Contract Disputes Act, "in lieu of appealing the decision of a contracting officer...to an agency board, a contractor may bring an action directly on the claim in the United States Court of Federal Claims." 41 U.S.C. § 7104(b)(1).

> Courts have consistently interpreted the CDA as providing the contractor with an either-or choice of forum...once a contractor makes a binding election to appeal the CO's final decision to a board of contract appeals or to the Court of Federal Claims, the contractor can no longer pursue its claim in the other forum.

*Bonneville Associates v. United States*, 43 F.3d 649, 653 (Fed. Cir. 1994) (citation omitted). A contractor is deemed to have made a binding election when: 1) it has sought to avail itself of one forum over another and 2) that forum has the ability to exercise jurisdiction at the time the election is attempted (*id.*; *Subsurface Technologies*, ASBCA No. 59775, 15-1 BCA ¶ 36,100 at 176,251-252.). This is to ensure that while parties have their day in court, both appellant and government can rely on the resulting decision's finality.

The 1995 decision which the COFC rendered on the merits of this claim evinces satisfaction of both prongs of this test. The Board alerted appellant to this obstacle to pursuing its claim before the Board, and appellant does not provide rationale for why the Board has jurisdiction over something already adjudicated at the COFC. Appellant provides no supporting statutory, regulatory, or case law authority for its proposition that fraud on the COFC provides the Board jurisdiction in the face of the election doctrine. Finding 4. We are unaware of any such support. As MES made a binding selection to pursue its action before the COFC, we lack jurisdiction to entertain this appeal.

3

## CONCLUSION

For the reasons stated above, the appeal is dismissed for lack of jurisdiction.

Dated: July 1, 2019

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I concur

JOHN J. THRASHER
Administrative Judge
Chairman
Armed Services Board
of Contract Appeals

I concur

REBA PAGE
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62045, Appeal of Melville Energy Systems, Inc., rendered in conformance with the Board's Charter.

Dated:

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

4